UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 6:11-169-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Alan King Little, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Alan King Little's ("Little") motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Little's § 2255 motions.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 15, 2011, Little pled guilty to one count of conspiracy to distribute and to possess with intent to distribute oxycodone in violation of 21 U.S.C. § 841(b)(1)(C). On November 22, 2011, Little was sentenced to 210 months' imprisonment. Little appealed his conviction and sentence, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction on October 16, 2012. United States v. Little, No. 11-5157, 2012 WL 4878828, at *2 (4th Cir. Oct. 16, 2012) (unpublished). Little filed a § 2255 motion on October 11, 2013.[1] Little filed an additional § 2255 motion on October, 15, 2013, which is essentially identical to the motion filed on October 11, 2013.

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

## II. Discussion of the Law

In his motion, Little alleges that the district court erred in sentencing him to "210 months because his drug quantity [and leadership role] was not alleged in the indictment" and failing "to present the drug quantity [and leadership role] to the jury to be found beyond a reasonable doubt" in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, 133 S. Ct. 2151 (2013). (Little Mem. Supp. § 2255 Mot. at 2-3, ECF No. 182-1.) In addition, Little alleges ineffective assistance of counsel. (Id. at 5-8.)

### A. Direct Claims

As an initial matter, Little cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Likewise, Little cannot "recast, under the guise of collateral attack, questions fully considered by" the Fourth Circuit. Id. In its order affirming Little's conviction, the Fourth Circuit held that the drug quantity was appropriately calculated. Little, 2012 WL 4878828, at *1. Based on the foregoing, any claim regarding the drug calculations is without merit.

In addition, Little's claims that the indictment violated Apprendi and Alleyne for failing to allege a specific drug amount and the leadership role and that these issues should have been submitted to the jury to be proven beyond a reasonable doubt is without merit. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotation marks omitted). Little did not raise this claim on appeal. Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). Little "must show both (1) 'cause' excusing his . . . procedural

default, and (2) 'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 167 (1982). Little has failed to show cause or actual prejudice. Moreover, the specific drug amount and leadership role enhancement is not required to be alleged in the indictment or submitted to a jury to be proven beyond a reasonable doubt. "[I]t is well-settled that a sentencing judge may, indeed frequently must, make findings of fact in order to appropriately calculate the advisory guideline range, and may do so as long as such findings are supported by a preponderance of the evidence." United States v. Harvey, 532 F.3d 326, 337 (4th Cir. 2008); see also United States v. Noe, No. 05-5094, 2006 WL 2076444, at *1 (4th Cir. July 26, 2006) (affirming the validity and constitutionality of factual findings supporting sentencing enhancements made using the preponderance of the evidence standard for a defendant convicted of conspiracy charges in violation of 18 U.S.C. § 371).

Moreover, there is no Apprendi violation. Little was convicted of conspiracy to violate 21 U.S.C. § 841(b)(1)(C) and not the aggravated offenses set forth in §§ 841(b)(1)(A) and (B). United States v. Brooks, No. 1:03CR00020-008, 2009 WL 196062, at *3 (W.D. Va. Jan. 28, 2009) (unpublished). Further, Little's sentence does not exceed the statutory maximum sentence of 20 years. In addition, Alleyne has not been held to be retroactive to cases on collateral review. Christian v. United States, Civil No. CCB-13-2868, Criminal No. CCB-03-0351, 2013 WL 5566507, at *1 (D. Md. Oct. 8, 2013) (unpublished) (noting that Alleyne has not been found retroactive). Therefore, these claims fail.

### B. Ineffective Assistance of Counsel

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Little must demonstrate that his counsel's performance fell below an

objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, one must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Little contends that his counsel was constitutionally ineffective for advising him to plead guilty with knowledge that the drug quantity and the leadership role were not alleged in the indictment, coercing him to plead guilty "by predicting that [he] would only receive 7 or 8 years of incarceration," failing to "devote full effort to his case," and misleading Little to believe that he would have the opportunity to cross-examine witnesses at his sentencing. (Little Mem. Supp. § 2255 Mot. 5-8, ECF No. 182-1.)

A defendant can challenge the voluntary and intelligent character of the guilty plea by demonstrating that the advice he received from counsel "was not within the range of competence demanded of attorneys in criminal cases." Tollett v. Henderson, 411 U.S. 258, 266 (1973) (internal quotation marks and citation omitted). "[C]ounsel may . . . advise his client to plead guilty if that advice falls within the range of reasonable competence under the circumstances." United States v. Cronic, 466 U.S. 648, 656 n.19 (1984).

Little has not presented the court with any evidence to support his claim that counsel's advice fell below an objective standard of reasonableness or that he was coerced into pleading guilty. First, there was no basis for counsel to raise a legal challenge to the indictment or argue that the drug amount and leadership role must be proven by a preponderance of the evidence. Brooks, 2009 WL 196062, at *3. At his guilty plea hearing, when asked whether he was

4

satisfied with the representation of his attorney, Little answered, "Yes, sir." (Plea Tr. 8, ECF No. 161.) When asked if he had any complaints of his attorney or anyone in connection with the case, Little responded, "No, sir." (Id. at 8.) During his guilty plea hearing, Little stated that no one forced, threatened, or coerced him to plead guilty. (Id. at 14.) Little was advised of the charges, the potential penalties, the elements of the offense, and the rights that he was waiving by pleading guilty. (Id. at 13-14.) Little also admitted his guilt when asked directly by the court. (Id. at 21-22, 35.) Finally, when asked whether anyone, including his attorney, promised him what his actual sentence would be, Little answered, "No, sir." (Id. at 21.) The truth of Little's prior sworn statements is conclusively established. United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Because Little's ineffective assistance of counsel claim relies upon allegations that directly contradict his prior sworn statements to the court, summary dismissal of this claim is appropriate. Id. at 222 ("[A] district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.").

In addition, there is no evidence to support Little's conclusory claim that his counsel did not "devote full effort to his case" or that he was misled regarding the cross-examination of witnesses at sentencing. (Little Mem. Supp. § 2255 Mot. at 6, ECF No. 182-1.) As noted above, Little indicated at his guilty plea hearing that he was satisfied with his attorney and had no complaints about his representation. Further, at sentencing, Little's counsel objected to the drug amount and cross-examined the Government's witness extensively as to the drug amount. (Sentencing Tr., generally, ECF No. 165.) Moreover, Little testified at his sentencing hearing regarding the drug amount and credibility of other witnesses in the case.

5

It is therefore

**ORDERED** that Little's § 2255 motions, docket numbers 182 and 183, are summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Little has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
October 21, 2013

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.